IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR3019 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| vs. | ) | MOTION TO SUPPRESS |
| | ) | |
| KHALAT ALAMA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion to suppress arguing that the entry into his residence on January 11, 2005 was illegal and in violation of the Fourth Amendment to the Constitution of the United States.

## FACTS

Defendant alleges that Lincoln police officers, on January 11, 2005 at 11:22 a.m., received a belated report of a "distressful phone message left"[1] on the telephone of Marcia Delgado, the aunt of Nicole Delgado. The investigating officer listened to the telephone message and "heard a female screaming. It sounded like a shrill type sound like there was some panic in the voice or something. After about two or three screams, a male came on and said I'm going to kill you." Marcia Delgado reported that the call came

---

[1] All quoted material in this motion comes from Lincoln Police Department Supplementary Investigation Report 3121L filed on January 13, 2005 and authored by Officer McAndrew, #720.

1

in two days before the report was made. The dispatch indicated that the call came in on December 9, 2004. The telephone message was not dated.

The officer went to the residence of Nicole Delgado and Khalat Alama, located at 526 A Street, Apt A, in Lincoln, Nebraska. The officers knocked on the door but received no answer. The officers asked questions of a neighbor and then left. Later, the officers returned to the residence of Khalat Alama. An officer pushed a piece of cardboard aside and reached inside the exterior door to unlock two bolt locks. Three officers then entered the residence of Khalat Alama.

Once inside, the officers went from room to room until they made contact with Nicole Delgado and Khalat Alama. The officers made observations concerning drugs. When the investigator asked Ms. Delgado about the telephone call, she replied "that they were 'fucking.' She gave no indication that there was any violence, that she was harmed in any way."

Defendant asserts that the residence entered by the officers was his residence. He asserts that the officers did not have a warrant to enter the residence. He asserts that the officers did not obtain consent to enter the residence. He asserts that the officers did not confront exigent circumstances when they entered the residence. He asserts that there is no

exception to the protections guaranteed by the Fourth Amendment[2] to the Constitution of the United States which would permit their forcible entry into his residence under these circumstances.

Defendant asserts that no observation made inside his residence was made in plain view, since the officers were not legally permitted to be inside the residence. Defendant asserts that items seized from his residence were seized in violation of the Fourth Amendment and in violation of the law.

## ANALYSIS

Officers entered Defendant's private residence without a warrant.

1. Defendant has burden of showing he has standing. *Alderman v. United States*, 394 U.S. 165, 22 L.Ed.2d 176, 89 S.Ct. 961 (1969). Defendant testified that the home entered by the police was his residence. There is no evidence to the contrary.

2. Defendant has standing to challenge the violation of his Fourth Amendment privacy rights in his residence. See, *Rakas v. Illinois*, 439 U.S. 128, 58 L.Ed.2d 387, 99 S.Ct. 421 (1978). This is a legal conclusion which follows from the fact that the residence belonged to the Defendant.

---

[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

3

3. The government must carry the burden of justifying any entry, seizure or observation made in the absence of a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971). This is a legal conclusion which follows from the fact that there was no warrant obtained in this case.

4. Consent was not given. The government must carry the burden of establishing consent. *Bumper v. North Carolina*, 391 U.S. 543, 20 L.Ed.2d 797, 88 S.Ct. 1788 (1968). There is no evidence that consent was obtained before the entry.

5. No emergency or exigent circumstance justified the failure to seek a warrant in this case. The government may seek to claim that entry was permitted pursuant to this exception to the warrant requirement. In *Radloff v. City of Oelwein*, 380 F.3d 344 (8th Cir. 2004), the Court explained:

> An exception to the warrant requirement permits a law enforcement officer to enter and search a home if he acts with probable cause and exigent circumstances exist. *Anderson v. Creighton*, 483 U.S. 635, 641, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987). Probable cause exists when it is reasonable to believe contraband or illegal activity will be found in a particular place. *Kleinholz v. United States*, 339 F.3d 674, 676 (8th Cir. 2003). Exigent circumstances, although typically limited to situations where a life is threatened, a suspect's escape is imminent, or evidence is about to be destroyed, *United States v. Ball*, 90 F.3d

260, 263 (8th Cir. 1996), may also be found when there is a compelling need for official action and there is no time to secure a warrant. *Michigan v. Tyler*, 436 U.S. 499, 509, 56 L. Ed. 2d 486, 98 S. Ct. 1942 (1978). A determination of whether a legal warrantless entry occurred focuses on whether a law enforcement officer acted with a reasonable belief that probable cause and exigent circumstances existed, not on whether either actually existed. *Anderson*, 483 U.S. at 641.

Further, in *United States v. Janis*, 387 F.3d 682 (8th Cir. 2004), the court said:

> Officers are allowed to conduct a warrantless search "when faced with certain urgent circumstances[.]" *United States v. Esparza*, 162 F.3d 978, 980 (8th Cir. 1998). We have long held the "view that legitimate concern for the safety of individuals may constitute 'exigent circumstances' justifying warrantless entries and searches." *United States v. Antwine*, 873 F.2d 1144, 1147 (8th Cir. 1989); see also *United States v. Vance,* 53 F.3d 220, 222 (8th Cir. 1995) (noting a legitimate concern for safety of law enforcement officers or others constitutes exigent circumstances).

And in *United States v. Amburn*, 412 F.3d 909 (8th Cir. 2005), the court added:

> The [exigent circumstances] exception justifies immediate police action without obtaining a warrant if lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed." *United States v. Ball*, 90 F.3d 260, 263 (8th Cir. 1996). "The analysis of

whether this exception to the warrant requirement has been made out is an objective one 'focusing on what a reasonable, experienced police officer would believe.'" *Kuenstler*, 325 F.3d at 1021 (quoting *In re Sealed Case* 96-3167, 332 U.S. App. D.C. 84, 153 F.3d 759, 766 (D.C. Cir. 1998)).

The evidence in this case firmly establishes that the officers lacked probable cause to believe that a crime had occurred, was occurring or was about to occur. When officers approached the house, they heard no unusual noises. They saw nothing out of the ordinary. The officers, acting without urgency, asked around the neighborhood. The neighbors reported occasional loud music but nothing suspicious. The officers left the scene. The telephone message standing alone did not provide probable cause to enter the residence.

Further, no exigency existed. The police report was taken at least two days and possibly 32 days after the telephone call was made. Later, the police returned to the residence. In the meantime, the police had an opportunity to seek a warrant but did not.

Applying common sense to the totality of the circumstances of this situation, the government cannot demonstrate that there was probable cause to believe that a crime had occurred, was occurring, or was about to occur. The government cannot demonstrate that there was an exigency when the

6

police visited the scene, left, returned and then broke in without a warrant or consent.

The fruit of the illegal entry was the observations made by the officers while inside the residence and the items seized by the officers inside the residence. These observations and items must be suppressed.

This Court should recommend that the District Court grant this motion to suppress.

/s/ Michael D. Gooch
_____
Michael D. Gooch #15273
Attorney at Law
12826 Shirley Street
Omaha, NE 68144
(402) 333-0722
mdgooch@cox.net

CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief in support of his motion to suppress has been served upon Assistant United States Attorney Sara E. Fullerton, by electronic filing this 11th day of August 2005.

/s/ Michael D. Gooch
_____
Michael D. Gooch