IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
2006 JUL 21 AM 11: 57
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:05CR3019-2 |
| vs.                    Plaintiff ) | |
| ) | |
| KHALAT JAMALTHAEAL ALAMA, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM BRIEF IN
SUPPORT OF OBJECTION TO
OBSTRUCTION OF JUSTICE
ENHANCEMENT**

Prepared and submitted by:
J. William Gallup
1001 Farnam #300
Omaha, NE 68102

# ARGUMENT

The presentence report recommends a 2 level enhancement due to the alleged actions of the defendant in removing his ankle bracelet while on pretrial release and by testifying falsely at his trial.

Both of these contentions fail to meet the test for obstruction of justice as set out in the Federal Sentencing Guidelines as interpreted by the federal courts deciding this particular issue.

This specific issue was addressed by the 8th Circuit Court of Appeals as recently as May 26, 2006 in the case of U.S. vs. Scott, NO. 05-2554.

In Scott, the court was asked to determine whether a defendant who had procured a false affidavit for use in challenging a search should have received a 2 level enhancement for obstruction of justice. The court held that "......an enhancement is appropriate (for obstruction of justice) if the defendant threatened a co-defendant, suborned or attempted to suborn perjury, produced or attempted to produce a false document, or provided materially false information to a judge or magistrate. U.S.S.G. Section 3C1.1, CMT. N.5(a)-(c),(f)....."

None of the defendant's alleged actions (i.e., removing his ankle bracelet and perjuring himself at trial) come within the above cited definitions as to what constitutes obstruction. The defendant never threatened anyone, never suborned or attempted to suborn perjury, never produced or attempted to produce a false document, and never provided materially false information to either a judge or magistrate, which are the requirements of the U.S. Sentencing Guidelines for obstruction of justice.

The removal of the ankle bracelet in no way obstructed justice and it never hampered the government in its efforts to bring the defendant to trial and successfully prosecute him.

In the Scott case, there was no mention in the discussion of what constitutes obstruction of justice about perjury committed by the defendant during his trial. Assuming, arguendo, that a judge can consider a defendant's trial testimony as having been untruthful, the record in the case would not support such a conclusion for several reasons. First, the defendant was prosecuted twice for this offense after a mistrial was declared as a result of the jury being unable to reach a verdict at the conclusion of the first trial. That jury apparently found some substance to the defendant's testimony and considered him to be credible to the extent that at least one or more of those jurors gave weight to his testimony and were so convinced of his truthfulness that they were unable to render a guilty verdict.

The second trial was substantially the same as the first trial and differed only in the result reached by the jury. I do not believe that under these circumstances it would be appropriate for trial judge to conclude that the defendant was guilty of perjury simply because he was convicted.

# CONCLUSION

There should not be any enhancement for obstruction of justice based upon the definitive ruling of the 8th Circuit Court of Appeals in U.S. vs. Scott, NO. 05-2554, which was decided on May 26, 2006.

## CERTIFICATE OF SERVICE

I herby certify that a true and accurate copy of the above Memorandum Brief was submitted by regular U.S. mail, postage prepaid, this 19th day of July, 2006, to Sara E. Fullerton, Assistant U.S. Attorney, 487 Federal Building, Lincoln, NE 68508 and to Kelly Nelson, U.S. Probation Officer, 530 U.S. Courthouse, 100 Centennial Mall North, Lincoln, Nebraska, 68508.