IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:05CR3019 |
| v. | ) | BRIEF IN RESPONSE TO DEFENDANT'S |
| KHALAT ALAMA, | ) | OBJECTION |
| Defendant. | ) | |

Defendant Alama has filed a Memorandum Brief[1] in which he claims that the commission of perjury at trial is no longer a basis for the imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1. In making this bizarre claim, Alama relies on the Eighth Circuit Court of Appeals' May 26, 2006, opinion in *United States v. Scott*, 448 F.3d 1040 (8th Cir. 2006). In *Scott,* the Eighth Circuit stated that such an enhancement should be applied if the district court found that "the defendant threatened a codefendant, suborned or attempted to suborn perjury, produced or attempted to produce a false document, or provided materially false information to a judge or magistrate." *Id.* at 1044-1045, citing U.S.S.G. § 3C1.1, cmt. n. 5(a)-(c).

*Scott* involved a defendant who was accused of obstructing justice by submitting a false affidavit signed by another person. The person who signed the

---

[1](Filing # 200).

affidavit later informed the government he had been intimidated into signing the false document. 448 F.3d at 1043. However, there was no allegation that the defendant had testified falsely. Therefore, because the issue was not before the Court, the Eighth Circuit did not discuss perjury as a basis for obstruction of justice. However, Alama now argues that because the Eighth Circuit did not mention perjury in *Scott*, perjury can no longer be used as the basis for an obstruction enhancement[2]. Alama also claims that because the Eighth Circuit did not mention absconding from supervision as a basis for obstruction in *Scott*, his actions in cutting off his electronic monitoring bracelet cannot be used to enhance his sentence[3].

Alama's claims ignore both the Guidelines and applicable case law. Suborning perjury, production of a false document, and submission of false information to a court were allegations considered in *Scott*. These are just three of a long and "non-exhaustive list of examples of the types of conduct" to which the adjustment may be applied. U.S.S.G. § 3C1.1 Application Note 4. The "non-exhaustive list" also includes "committing . . . perjury" and "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear,

---

[2](Filing #200 at p. 2).

[3]*Id.*

2

as ordered, for a judicial proceeding" U.S.S.G. § 3C1.1 Application Note 4(b)(e).

Subsequent to issuing its opinion in *Scott*, the Eighth Circuit made it clear that perjury is still a legitimate basis for the application of an obstruction of justice enhancement. In *United States v. Smith*, 450 F.3d 856 (8th Cir., June 27, 2006), the Eighth Circuit found reversible error where a district court had refused to consider whether an obstruction of justice enhancement should be applied based on a defendant's allegedly false trial testimony.

> In determining whether such an enhancement should apply, the district court must review the evidence and find, by a preponderance of the evidence, the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." (Citation omitted.)
>
> * * *
>
> Application of an obstruction of justice enhancement is not discretionary if the requisite factual findings are made. *See* U.S.S.G. § 3C1.1.

*Smith*, 450 F.3d at 862.

Therefore, Alama's suggestion that perjury is no longer a basis for an obstruction enhancement under *Scott* is devoid of merit. Likewise, his argument that absconding from supervision cannot be used as a basis for enhancement, is devoid of merit.

Defendant intentionally and willfully provided false testimony to both juries claiming he did not ever sell methamphetamine and that he was not involved in any agreements to sell methamphetamine. Therefore, his testimony meets the test set out in *Smith*, and the obstruction enhancement should be applied.

In addition, the Eighth Circuit has stated on more than one occasion that absconding was a justifiable basis for applying an obstruction of justice enhancement. In *United States v. St. James*, 415 F.3d 800 (8th Cir. 2005), the Eighth Circuit found that the defendant's failure to appear for court after trial had begun constituted obstruction of justice where the defendant failed to show that his absence from court was involuntary. *Id.* at 805-806. In its opinion, the Eighth Circuit cited previous cases in which the obstruction applied, including cases where the defendant absconded.

> Application note 4 to section 3C1.1 provides a non-exhaustive list of examples of obstructive conduct, including "willfully failing to appear, as ordered, for a judicial proceeding." *Id.* at note 4, cmt. N. 1; *see United States v. Muro*, 357 F.3d 743, 744 (8th Cir. 2004) (affirming finding defendant had obstructed justice when, fearing for his life, he fled to California before sentencing); *United States v. Young*, 315 F.3d 911, 913 (8th Cir. 2003) (affirming finding defendant had obstructed justice when he fled the jurisdiction before his plea and sentencing); *United States v. Eagle*, 133 F.3d 608, 611 (8th Cir. 1998) (affirming application fo obstruction of justice enhancement in light of evidence establishing defendant "willfully" failed to appear for hearing).

4

*St. James*, 415 F.3d at 805.

In *United States v. Agboola*, 417 F.3d 860 (8th Cir. 2005), the Eighth Circuit found that a defendant obstructed justice in a fraud and money laundering case by closing his business in Minnesota and moving to Texas with the knowledge that he was under investigation and that an arrest warrant had been issued for him. *Id.* at 868. *See also, United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir. 2006) (obstruction enhancement proper where defendant gave false name to authorities resulting in his release from custody, despite pending warrant for parole violation, and causing a one-year delay in his arrest.)

In this case, Alama's actions led to the activation of the Lancaster County Sheriff's Department SWAT team and the expenditure of personnel and resources from the Sheriff's Office, the U.S. Marshal's Office, and the Lincoln Police Department in locating and arresting him for violating his pretrial release order. The officers involved were taken away from other law enforcement duties in order to find Alama.

Therefore, the facts justify the imposition of an obstruction of justice enhancement for perjury and/or for absconding from pretrial release. For the foregoing reasons, the government respectfully requests that defendant Alama's objection be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By: MICHAEL G. HEAVICAN
United States Attorney
District of Nebraska


And: *s/Sara E. Fullerton*
SARA E. FULLERTON #18314
Assistant United States Attorney
487 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508
Telephone: (402) 437-5241

## CERTIFICATE OF SERVICE

I, Sara E. Fullerton, hereby certify that on July 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

J. William Gallup, Esq.

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A


*s/Sara E. Fullerton*
SARA E. FULLERTON
Assistant United States Attorney